IN THE UNITED STATES
DISTRICT COURT SOUTH FLORIDA

LUIS A. SORO
        Plaintiff/owner

```
FILED BY ___PCS___ D.C.

       MAR 10 2021

    ANGELA E. NOBLE
  CLERK U.S. DIST. CT.
  S.D. OF FLA. – W.P.B.
```

V.

STATE CASE #
19 - 16699

PEDRO JOSE LOPEZ
        Defendant

EXHIBITS FROM STATE
CASE #19-16699 FOR TRASFER
TO FEDERAL COURT

LUIS A. Soro
P.O. Box 398142
Miami Beach, Florida
33239- 8142

FILED FOR RECORD

2019 JUN 18 PM 1: 08

IN THE COUNTY COURT IN
AND FOR MIAMI-DADE COUNTY, Fla

LUIS A. SORO
          Plaintiff,

CASE NO.: 19-02131-CC24
            19-16697-CA 41

V.

PEDRO LOPEZ,

          Defendant

EMERGENCY MOTION TO EVICT  PEDRO LOPEZ
HIS WIFE AND HIS  FAMILY FROM plaintiff's HOUSE THAT HAS BEE
PAID IN FULL TO  HIS PARENTS UNDER CONTRACT THAT IS
ENFORCEABLE BY LAW:

Plaintiff LUIS A. Soro Files this motion to evict
Defendant Pedro Lopez el. al., from His house that has
been paid in Full since march 01, 1993 AND RECOVER DAMAGES

1. Luis A. Soro is the owner of 2402 Alton Road
miami Beach, Florida 33140 since June 01, 1979.

2. Luis A. Soro paid #130,000 to the owners in Full
payment for the property on march 01, 1993 was the
last payment to own the house Free AND clear. Exhibit "A"

3. on page 01 of the Residential lease with option
to buy as is it is written Tenant has paid owners #130,000.00
in Full payment for the house. (LOTII, Block 13 of sunset
Lake SUBDIVISION Plat Book 8 at page 52, PUBLIC Records
of Dade County Florida. (CAVEAT EMPTOR) Pennzoil v.
Texaco inc 481 U.S.1 (1987)

4. Clause 20. Disclosures: that Landlord has made the
Tenant acknowledges  following disclosures regarding the premises:
   a.  Tenant/owner has until August 31, 2019 to
       exercise option, Plaintiff has a contract for deed, the
       Paid in Full.
   b. Tenant/owner must transfer title into his name
      or whoever he assigns on or before Aug ust 31, 2019

5. On AUGUST 01, 2004 the owners of Lot 11, Block 13 of Sunset Lake Subdivision Plat Book 8 at page 52 Public Records, of Dade County, Florida a/k/a 2402 Alton Road Miami Beach, Florida 33140 gave their oldest son a 15 year lease to transfer title, exhibit "A" (CAVEAT EMPTOR) Plaintiff's home had a very low tax base due to the $46,000 purchase price of May 26, 1978, and did not want to disturb the tax assessments.

6. A Deed was requested and filed on April 01, 2019 with the Clerk of Courts Miami-Dade County, Florida at a cost of $130.00, base on his contract with Jose Luis and Maria Diana Soro husband and wife, his parents exhibit "A" Plaintiff has a contract for deed with the owners of the property that must be exercised before August 31, 2019, it

7. Defendant Lopez claims the lawsuit seeking to evict him from the property were filed and designed to harass and intimidate him. (<CAVEAT EMPTOR)

8. Defendant Lopez claims the lawsuit seeking eviction have inflicted emotional distress on Lopez, his wife and his family. (CAVEAT EMPTOR) this is all an act, bogus

9. Plaintiff's eviction lawsuit to remove Lopez, his wife and his family were filed with the only purpose to legally remove him from the house that plaintiff ownes and has paid in full, many many years before Lopez parachuted into the scene. Lopez's Answers are a complete farce and a sham.

10. Defendant Lopez and his wife sells were both told by the Plaintiff that the house at 2402 Alton Road had been sold many years before to the Plaintiff. The house was not for sale at the time and they should turn around and keep walking. (CAVEAT EMPTOR) no due diligence was needed, to evaluate potential liabilities. Lopez knew.

11. Defendant Lopez motion TO DETERMINE RENT IS only to prevent the inevitable: eviction from plaintiff's house that is paid in full, Lopez's is feigning, Lopez is a scam artist that preyed on a sick senior citizen deliberately, for his financial gain.

12. It is in the public interest the Plaintiff's property rights and binding contract with his parents and legal owners of 2402 Alton Road be respected that have been recorded with the Clerk of Courts Miami-DADE County Florida. (CAVEAT EMPTOR) Exhibit "B" Pennzoil v. Texaco Inc. 481 U.S.1 (1987)

13. Plaintiff has the original blue ink lease with option to buy "as is" dated August 01, 2004 that has been paid in full and giving him until August 31, 2019 to exercise the option. Plaintiff had tied up the property for his financial gains without increasing his property tax liability.

14. Legally valid contracts must contain two elements:
   a. All parties must agree about an offer made by one party and accepted by the other. Plaintiff bought an option contract from the seller and paid for it in full.
   b. Something of value must be exchanged for something else of value. Plaintiff has paid for the house in full. Plaintiff is the undisputed owner, Defendant gave him nothing

15. Plaintiff's father Jose Luis Soro suffered from Alzheimer's disease with dementia that had lost much of the ability to exist in our universe and abused by Defendant Pedro Lopez, that offered to buy a million dollar plus house for $430,000 that had already been sold and paid for by the plaintiff. (CAVEAT EMPTOR)

16. Plaintiff's father was a highly-skilled professional electrical engineer (PE) with over ten (10) years of university studies and degrees, that on July 4, 2011 did not know if he had a fist full of hundreds or dollar bills due to his dementia and Alzheimer's and taken advantage of by Defendant Pedro Lopez, for his financial gain.

17. Defendant has Title Insurance that protects him against lost or damage occurring from defects in the title or actual ownership of a property that had already been sold and paid for in full by plaintiff. Johnson v. Davis 480 So. 2d 625 (Fla 1985)

18. Defendant bought a house from a seller that had sold the house to another person and was fully informed by plaintiff personally that he was the owner living at the house. (CAVEAT EMPTOR) Pennzoil v. Texaco Inc. 481 U.S 1 (1987)

19. Defendant was fully briefed of the potential liability and foreseeable title issues by plaintiff and the delicate situation of the mental health experiences of Dementia and Alzheimer's disease his father was exhibiting and the fact that the house had been sold and bought many years before, and was not for sale at the present time. The defendant Pedro Lopez is a con man.

20. The Deed Plaintiff filed on April 1, 2019 dates back to August 01, 2004 when both of plaintiff's parents signed the Residential Lease with option to buy "As is" that had been paid in full. (CAVEAT EMPTOR) "A" Plaintiff owns the property outright, at 2402 Alton Road. Pennzoil v. Texaco Inc 481 U.S. 1 (1987)

WHEREFORE Plaintiff Respectfully Demands that this Honorable Court vacate the Judgment on Defendant's motion to transfer case to the circuit court and evict Defendant Pedro Lopez from plaintiff's house that has been paid in full, and is the owner of Lot 11 Block 13 of Sunset Lake Subdivision Plat Book 8 at page 52, Public Records of Dade county, Florida a/k/a 2402 Alton Road Miami Beach, Florida 33140. Pedro Lopez is a masquerade and a bluff.

Respectfully submitted

Luis Alberto Soro
P.O. Box 398142
Miami Beach, Florida 33239

Certificate of Service

This is to certify that a true and correct copy of the foregoing has been hand-delivered to Hoffman, Larin & Agnetti, P.A. 909 North Miami Beach Boulevard, Suite 201 Miami, Florida 33162 on this 17 day of June 2019 by

by Luis Alberto Soro
561-577-8376

Filing # 91334677 E-Filed 06/19/2019 11:50:54 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 2019-016697-CA-01
Section: CA 41

LUIS A SORO
      Plaintiff,

vs.

PEDRO LOPEZ
      Defendant.
_____/

## ORDER DETERMINING TRIAL JUDGE

    **THIS CAUSE** having come for hearing to determine the Trial Judge for this case, and the Court being fully advised in the premises, it is

☐          **ORDERED AND ADJUDGED** that this case shall be heard by **County Judge** or the replacement judge assigned to that particular court location and/or judicial section as an Acting Circuit Court Judge.

☐          **ORDERED AND ADJUDGED** that County Court Case No. is being transferred to **Circuit Court Judge** Section who is currently assigned to Related Circuit Court Case No. and shall serve as an Acting County Court Judge in this matter, pursuant to Administrative Order In Re: General Assignment of Circuit Court Judges to Temporarily Serve as Acting County Court Judges. Movant shall set case for status conference regarding consolidation on motion calendar before Circuit Judge within 30 days.

☒          **ORDERED AND ADJUDGED** that this cause be reassigned to another section of the Court by the Clerk using the blind filing

system.

Consolidation of this case with the related case shall be within the discretion of the Division Judge. Any party in the related Circuit Court case who objects to this transfer shall file said objection within 30 days of the date of this Order. The attorney who filed the Motion to Transfer shall serve this Order on all attorneys of record in the related Circuit Court case.

**DONE AND ORDERED** at Miami, Dade County, Florida, on this 19th day of June, 2019.

JENNIFER D. BAILEY
**ADMINISTRATIVE JUDGE**

No Further Judicial Action Required on THIS MOTION. CLERK TO RECLOSE CASE
IF POST JUDGMENT.

**I HEREBY CERTIFY** that this case has been reassigned to Section , in compliance with the above Court Order.

**HARVEY RUVIN, CLERK**

BY
Deputy Clerk

Copies to service list

Filing # 91594441 E-Filed 06/24/2019 05:57:01 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2019-016697-CA-01

LUIS A. SORO,

      Plaintiff/Counter-Defendant,

v.

PEDRO LOPEZ, ET AL,

      Defendant/Counter-Plaintiff.

_____/

## DEFENDANT/COUNTER-PLAINTIFF'S MOTION FOR JUDIICAL DEFAULT

Defendant/Counter-Plaintiff, Pedro Lopez ("Lopez"), files this Motion for Judicial Default and states as follows:

1.      Defendant filed an Amended Answer, Affirmative Defenses and Counterclaim on May 7, 2019. As detailed in the certificate of service included therein, Plaintiff/Counter-Defendant, Luis A. Soro ("Soro") on the date of filing.

2.      Pursuant to Fla.R.Civ.P. 1.140, Soro was required to file a response to Lopez's Counterclaim by May 28, 2019.

3.      As of the date hereof, no response has been filed.

4.      Fla.R.Civ.P. 1.500(b) states:

> When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, that party shall be served with notice of the application for default.

5.      Pursuant to such rule, entry of a judicial default against Soro is appropriate.

WHEREFORE, Lopez requests entry of judicial default against Soro with respect to Lopez's Counterclaim and such other relief as is deemed just and proper.

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was furnished via U.S. Mail

to Luis A. Soro, P.O. Box 398142, Miami Beach, FL 33239 on June 24, 2019.

HOFFMAN, LARIN & AGNETTI, P.A.
Counsel for the Defendant
909 North Miami Beach Blvd., Suite 201
North Miami, FL 33162
Tel: (305) 653-5555
Fax: (305) 940-0090
Email: mshoffman@hlalaw.com

/s/ Michael S. Hoffman
Michael S. Hoffman
Florida Bar No.: 41164

LUIS A. Soro
      plaintiff

V.

PEDRO LOPEZ
      Defendant

IN THE CIRCUIT
court IN AND FOR
miami - DADE county,
FLORIDA
CASE NO.: 19-16697 CAO5

# EMERGENCY
MOTION TO SET ASIDE JUDICIAL DEFAULT
BY PLAINTIFF IN PROPER PERSON THAT
DID NOT AND COULD NOT HAPPEN!

COMES NOW the plaintiff in the case identified
above and Respecffully moves this Honoroble
court to set ASIDE the JUDICIAL Default enteref
on July 02, 2019.

1) This is in eviction case to remove the defendent
   from Plaintiff's house that has been paid in full

2) This case was filed in county court in miami Beach
   Floridu aginst Pedro Lopez in a civil case

3) The case was assigned to Judge Diana Gonzalez
   whyte case #19-02131-CC24

4) Judge Diana Gonzalez whyte was transferred out
   of the miami Beach court

5) There is no permanent Jugde in miami Beach
   to hear cases.

7.

6) Plaintiff would call the Administrative Judge's office Jennifer Bailey to get a Judge assigned to my case

7) On June 06, 2019 Defendant paid $210.00 to transfer an eviction from county court to circuit court for some mysterious reason.

8) On June 17 Plaintiff filed his answers to Defendants motion and alerted the court that his answers were a complete farce and a sham

9) On June 19 Judge Jennifer Bailey ordered the Clerk to reassign the case to the Division Judge

10) Judge Bailey gave all parties 30 days to object from the date of the order

11) Plaintiff has until July 18 to object to the order

12) On June 24, 2019 Plaintiff filed motion for Emergency eviction of Defendant Pedro Lopez from his property that had been paid in full.

13) On June 27, 2019 at 9am Judge Thomas Rebull held a hearing in court Room 1407.

14) Order granting Pedro Lopez's motion for Judicial Default was entered on July 02, 2019.

WHEREFORE Plaintiff Respectfully moves this Honorable court to set the Judicial Default aside because it is untimely and evict Defendant Pedro Lopez from his house that is paid in full CAVEAT EMPTOR.

Respectfully
submitted

Luis Alberto Soro
P.O. Box 398142
miami Beach, Florida
33239-8142
561-577-8376
citigroup Luzz @ yahoo.com

certificate of service

This is to certify that a true and correct copy
of the foregoing has been hand-delivered to Hoffman,
Larin & Agnoli, P.A. 909 North miami Beach Blvd,
suite 201, miami, Florida 33162 on this 5th day
of July 2019 by:

by
Luis Alberto Soro

IN THE COUNTY COURT IN
AND FOR MIAMI-DADE County, FLORIDA

LUIS A. SORO
        Plaintiff,

                                        CASE NO.: 19-02131-CC24
                                                  19-16697-CA41

V.

PEDRO LOPEZ,

        Defendant

EMERGENCY MOTION TO EVICT PEDRO LOPEZ
HIS WIFE AND HIS FAMILY from plaintiff's HOUSE THAT HAS BEEN
PAID IN FULL TO HIS PARENTS UNDER CONTRACT THAT IS
ENFORCEABLE BY LAW:

Plaintiff LUIS A. Soro Files this motion to evict
Defendant Pedro Lopez el. al, from His house that has
been paid in full since March 01, 1993 AND RECOVER DAMAGES

1. LUIS A. Soro is the owner of 2402 Alton Road
miami Beach, Florida 33140 since June 01, 1979.

2. LUIS A. Soro paid #130,000 to the owners in full
payment for the property on march 01, 1993 was the
last payment to own the house Free AND clean. Exhibit "A"

3. On page 01 of the Residential lease with option
to buy as is it is written Tenant has paid owners #130,000.00
In full payment for the house. (LOT 11, Block 13 of sunset
Lake SUBDIVISION Plat Book 8 at page 52, Public Records
of Dade County Florida. (CAVE AT EMPTOR) Pennzoil v.
Texaco Inc 481 U.S.1 (1987)

4. Clause 20. Disclosures:
   Tenant acknowledges that Landlord has made the
   following disclosures regarding the premises:
   a. Tenant/owner has until August 31, 2019 to
      exercise option, Plaintiff has a contract for deed, that is
      Paid in full.
   b. Tenant/owner must transfer title into his name
      or who ever he assigns on or before August 31, 2019.

5. On August 01, 2004 the owners of Lot 11, Block 13 of Sunset Lake subdivision plat Book 8 at page 52 public Records, of Dade county, Florida a/k/a 2402 Alton Road miami Beach, Florida 33140 gave their oldest son a 15 year lease to transfer title, exhibit "A" (CAVEAT EMPTOR) plaintiff's home had a very low tax base Due to the 41,000 purchase price of may 26, 1978, and did not want to disturb the tax assessment.

6. A Deed was requested and filed on April 01, 2019 with the clerk of courts miami-Dade county, Florida at a cost of $130.00, base on his contract with Jose Luis and maria Diana Soro husband and wife, his parents exhibit "A" Plaintiff has a contract for deed with the owners of the property that must be exercised before August 31, 2019, it

7. Defendant Lopez claims the lawsuit seeking to evict him from the property were filed and designed to harass and intimidate him. (<CAVEAT EMPTOR)

8. Defendant Lopez claims the lawsuit seeking eviction have inflicted emotional distress on Lopez, his wife and his family. (CAVEAT EMPTOR) This is all an act, bogus.

9. Plaintiff's eviction lawsuit to remove Lopez, his wife and his family were filed with the only purpose to legally remove him from the house that plaintiff ownes and has paid in full, many many years before Lopez parachuted into the scene. Lopez's Answers are a complete farce and a sham.

10. Defendant Lopez and his wife Sohis were both told by the Plaintiff that the house at 2402 Alton Road had been sold many years before to the Plaintiff. The house was not for sale at the time and the should turn around and keep walking. (CAVEAT EMPTOR) no due diligence was needed, to evaluate potential liabilities. Lopez knew.

11. Defendant Lopez MOTION TO DETERMINE RENT is only to prevent the inevitable: EVICTION from plaintiff's house that is paid in full, Lopez's is feigning, Lopez is a scam artist that preyed on a sick senior citizen deliberately, for his financial gain.

12. It is in the public interest the Plaintiff's property rights and binding contract with his parents and legal owners of 2402 Alton Road be respected that have been recorded with the clerk of courts miami-Dade county Florida. (CAVEAT EMPTOR) Exhibit "B" Pennzoil v. Texaco INK. 481 U.S.1 (1987)

13. Plaintiff has the original blue ink lease with option to buy "as is" dated August 01, 2004 that has been paid in full and giving him until August 31, 2019 to exercise the option. Plaintiff had tied up the property for his financial gains without increasing his property tax liability.

14. Legally valid contracts must contain two elements:
   a. All parties must agree about an offer made by one party and accepted by the other. Plaintiff bought an option contract from the seller and paid for it in full.
   b. Something of value must be exchanged for something else of value. Plaintiff has paid for the house in full. Plaintiff is the undisputed owner, Defendant gave him nothing

15. Plaintiff's father Jose Luis Soro suffered from Alzheimer's disease with dementia that had lost much of the ability to exist in our universe and abused by Defendant Pedro Lopez, that offered to buy a million dollar plus house for $430,000 that had already been sold and paid for by the plaintiff. (CAVEAT EMPTOR)

16. plaintiff's father was a highly-skilled professional electrical engineer (PE) with over ten (10) years of university studies and degrees, that on July 11, 2011 did not know if he had a fist full of hundreds or dollar bills due to his dementia and Alzheimer's and taken advantage of by Defendant Pedro Lopez, for his financial gain.

17. Defendant has Title insurance that protects him against lost or damage occurring from defects in the title or actual ownership of a property, that had already been sold and paid for in full by Plaintiff. Johnson v. Davis 480 So. 2d 625 (Fla 1985)

18. Defendant bought a house from a seller that had sold the house to another person and was fully informed by Plaintiff personally that he was the owner living at the house. (CAVEAT EMPTOR) Penn zoil v. Texaco Inc. 481 U.S 1 (1987)

19. Defendant was fully briefed of the potential liability and foreseeable title issues by Plaintiff and the delicate situation of the mental health experiences of dementia and Alzheimer's disease his father was exhibiting and the fact that the house had been sold and bought many years before, and was not for sale at the present time. The Defendant Pedro Lopez is a con man.

20. The Deed Plaintiff filed on April 1, 2019 dates back to August 01, 2004 when both of plaintiff's Parents signed the Residential Lease with option to buy "as is" that had been paid in full. (CAVEAT EMPTOR) "A" Plaintiff owns the property out right, at 2402 Alton Road. Pennzoil v. Texaco Inc 481 U.S. 1 (1987)

WHEREFORE Plaintiff Respectfully Demands that this Honorable Court vacate the Judgment on Defendant's motion to transfer case to the circuit court and evict Defendant Pedro Lopez from plaintiff's house that has been paid in full, and is the owner of Lot 11 Block 13 of sunset lake subdivision Plat Book 8 at page 52, Public Records of Dade county, Florida a/k/a 2402 Alton Road miami Beach, Florida 33140. Pedro Lopez is a masquerade and a bluff.

Respectfully submitted

Luis Alberto Soro
P.O. Box 398142
miami Beach, Florida 33239

Certificate of Service

This is to certify that a true and correct copy of the Foregoing has been hand-delivered to Hoffman, carin & Agneti, P.A. 909 North miami Beach Boulevard, suite 201 miami, Florida 33162 on this 17 day June 2019 by.

by
Luis Alberto Soro

Filing # 92331127 E-Filed 07/10/2019 02:00:11 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2019-016697-CA-01

LUIS A. SORO,

      Plaintiff/Counter-Defendant,

v.

PEDRO LOPEZ, ET AL,

      Defendant/Counter-Plaintiff.

_____/

## DEFENDANT/COUNTER-PLAINTIFF'S EMERGENCY
## MOTION TO CONTINUE HEARING

    Defendant/Counter-Plaintiff, Pedro Lopez ("Lopez"), files this emergency motion to continue hearing on Plaintiff/Counter-Defendant, Luis A. Soro's ("Soro") Emergency Motion to Set Aside Judicial Default scheduled for July 11, 2019 and states as follows:

    1.  On July 5, 2019, Soro filed an Emergency Motion to Set Aside Judicial Default.

    2.  Soro, who is appearing in this action *pro se*, unilaterally scheduled a hearing on his Emergency Motion to Set Aside Judicial Default for July 11, 2019 at 9:00 A.M.

    3.  Counsel for Lopez is unable to appear at the hearing as he is required to be in the United States Bankruptcy Court at the time of the scheduled hearing. A copy of the Notice of Hearing is attached hereto as Exhibit A.

    4.  Counsel did not become aware of the unilaterally scheduled hearing until July 9, 2019. Counsel reached out to Soro by email and telephone but has not received a response.

    5.  Counsel is available for a hearing on July 18, 2019 or July 25, 2019.

    **WHEREFORE,** Lopez requests the Court continue the unilaterally scheduled hearing and grant such further relief as is deemed just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on

July 10, 2019 via email to Luis Soro at citigrouplu22@yahoo.com

<div style="margin-left: 45%;">

**HOFFMAN, LARIN & AGNETTI, P.A.**
Counsel for Defendant/Counter-Plaintiff
909 North Miami Beach Boulevard, Ste 201
Miami, Florida 33162
Telephone: (305) 653-5555

By: s/ Michael S. Hoffman
**MICHAEL S. HOFFMAN, ESQUIRE**
Florida Bar No. 41164
DESIGNATED SERVICE EMAIL:
Mshoffman@hlalaw.com

</div>

LUIS A. SORO
    Plaintiff

V.S.

Pedro Lopez
    Defendant

IN THE CIRCUIT COURT
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE # 19-16697CA.05

PLAINTIFF ANSWER TO DEFENDANTS
MOTION TO DETERMINE RENT Plaintiff will waive ALL
IN EXCHANGE FOR THE DEFENDANT TO VACATE

1) THIS IS TRUE & ADMIT

2) THIS IS TRUE about the service, plaintiff denies everything else

3) Plaintiff filed case # 19-02131CC24 to remove Defendant from
Plaintiff's property that has been PAID in full

4) Plaintiff has no knowledge of anything in paragraph
Number (4) four and denies all.

5) Plaintiff has no knowledge of paragraph #5, Denies all.

6) Plaintiff has no knowledge of paragraph #6, Denies all.

7) Plaintiff is the owner of (Lot 11, Block 13 of sunset Lake
subdivision plat book 8 at page 53, public records of Dade
County Florida (CAVEAT EMPTOR) pennzoil v Texaco
inc 481 U.S. 1. (1987

8) Plaintiff has paid for the property in full to the
owners of 2402 alton Road miami Beach Florida 33140
since march 01, 1993.

9) Plaintiff Does not want the Defendant his wife or his
family to live in the property that is paid in full.

WHEREFORE Plaintiff Respectfully Requests that Defendant be
evicted from the property forthwith

certificate of Service

This is to certify that a true and correct copy of
the fore going was mailed to Hoffman et, al. 909 $\frac{}{}$, miami Ave suite
201 miami, Florida 33162 on this ___17___ day of May, 2019 by

LUIS A. SORO
    Plaintiff

VS

PEDRO LOPEZ
    Defendant

IN THE CIRCUIT COURT
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA
CASE # 19-16697 CA 05

FILED FOR RECORD
2019 JUL 1 AM 11:25
CLERK CIRCUIT COURT
MIAMI-DADE COUNTY, FLA
CIVIL DIVISION
AMENDED

PLAINTIFF'S ANSWERS TO DEFENDANT
PEDRO LOPEZ COUNTER CLAIMS
complaint

1) DENY Plaintiff Demands the strictest proof CAVEAT EMPTOR
2) ADMIT Plaintiff Demands his eviction from the house THAT IS PAID IN FULL since march 01, 1993.
3) ADMIT CAVEAT EMPTOR
4) ADMIT CAVEAT EMPTOR
5) Plaintiff will waive the Damages All I want is my House that is paid in full since march 01, 1993.
6) ADMIT Plaintiff Lived At the house since 1978 CAVEAT Emptor
7) ADMIT CAVEAT EMPTOR FATHER & mother his wife
8) Plaintiff is the owner of the property paid in full since 1993
9) Plaintiff is the owner Paid in Full since march 01, 1993. Father was sick
10) Plaintiff has no knowledge, plaintiff is the owner CAVEAT EMPTOR
11) Plaintiff paid the property in full since march 01, 1993 CAVEAT EMPTOR
12) Plaintiff has A contract for Deed Paid in Full since march 01, 1993
13) Plaintiff is the undisputed owner Paid in Full seeking damage & house
14) Plaintiff has no knowledge Demands strictest proof CAVEAT EMPTOR
15) Plaintiff has no knowledge has the original document with envelope from book
16) Plaintiff has no knowledge Demands the strictest proof
17 ADMIT TO the hearing Deny every thing else
18 Plaintiff has the original document, Hoffman & staff lied under oath.
19 Plaintiff has no knowledge Denies All
20 Plaintiff has no knowledge Denies All CAVEAT EMPTOR

21  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
22  Plaintiff has filed a deed to comply with contract to buy paid
23  Plaintiff has no knowledge denies all  see option to buy
24  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
25  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
26  Plaintiff admits lawsuit from plaintiffs property
27  Plaintiff has no knowledge denies all  demands strictest proof
28  Plaintiff has no knowledge denies all  demands strictest proof
29  Plaintiff has no knowledge denies all  demands strictest proof
30  Plaintiff has no knowledge denies all  demands strictest proof
31  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
32  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
33  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
34  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
35  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
36  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
37  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
38  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
39  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
40  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
41  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
42  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
43  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
44  Plaintiff has no knowledge denies all  defendant has no rights
45  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
46  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
47  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
48  Plaintiff has no knowledge denies all  plaintiff is the owner
49  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
50  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
51  Plaintiff has no knowledge denies all  plaintiff is the owner
52  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
53  Plaintiff has no knowledge denies all  CAVEAT EMPTOR
54  Plaintiff has no knowledge of any property rights
55  Plaintiff has no knowledge in plaintiff's property that is paid in full
    Lopez may have
CAVEAT EMPTOR
wherefore plaintiff demands Lopez be evicted from the house

Certificate of service

This is to certify that a true and correct of the foregoing was mailed U.S. first class mail to Hoffman et.al., 909 N. miami Ave suite 201 miami, Florida on this ___17___ day of may 2019 by

by

LUIS A. SORO
       Plaintiff,

v.

PEDRO LOPEZ,
       Defendant

IN THE COUNTY COURT IN
AND FOR MIAMI-DADE County, FLORIDA

CASE NO.: 19-02131-CC24
            19-16697-CA41

Exhibit A

EMERGENCY MOTION TO EVICT PEDRO LOPEZ
HIS WIFE AND HIS FAMILY FROM Plaintiff's HOUSE THAT HAS BEEN
PAID IN FULL TO HIS PARENTS UNDER CONTRACT THAT IS
ENFORCEABLE BY LAW;

Plaintiff LUIS A. Soro Files this motion to evict
Defendant Pedro Lopez el, al., from His house that has
been paid in full since march 01, 1993 AND RECOVER DAMAGES

1. LUIS A. Soro is the owner of 2402 Alton Road
miami Beach, Florida 33140 since June 01, 1979.

2. LUIS A. Soro paid $130,000 to the owners in full
payment for the property on march 01, 1993 was the
last payment to own the house FREE AND clean. Exhibit "A"

3. On page 01 of the Residential lease with option
to buy as is it is written Tenant has paid owners $130,000.00
in full payment for the house. (LOT11, Block 13 of sunset
Lake subdivision Plat Book 8 at page 52, Public Records
of Dade County Florida. (SAVE AT EMPTOR) Pennzoil v.
Texaco Inc 481 U.S.1 (1987)

4. Clause 20. Disclosures: that Landlord has made the
Tenant acknowledges that Landlord has made the
Following disclosures regarding the premises:
    a.  Tenant/owner has until August 31, 2019 to
exercise option, Plaintiff has a contract for deed, that is
Paid in full.
    b. Tenant/owner must transfer title into his name
or who ever he assigns on or before August 31, 2019.

5. On August 01, 2004 the owners of Lot 11, Block 13 of Sunset Lake Subdivision Plat Book 8 at page 52 Public Records, of Dade county, Florida a/k/a 2402 Alton Road Miami Beach, Florida 33140 gave their oldest son a 15 year lease to transfer title, exhibit "A" (CAVEAT EMPTOR) Plaintiff's home had a very low tax base due to the $46,000 purchase price of May 26, 1978, and did not want to disturb the tax assessment.

6. A Deed was requested and filed on April 01, 2019 with the clerk of courts Miami-Dade county, at a cost of $130.00, base on his contract with Jose Luis and Maria Diana Soro husband and wife, his parents exhibit "A" Plaintiff has a contract for deed with the owners of the property that must be exercised before August 31, 2019, it

7. Defendant Lopez claims the lawsuit seeking to evict him from the property were filed and designed to harass and intimidate him. (CAVEAT EMPTOR)

8. Defendant Lopez claims the lawsut seeking eviction have inflicted emotional distress on Lopez, his wife and his family. (CAVEAT EMPTOR) this is all an act, bogus.

9. Plaintiff's eviction lawsuit to remove Lopez, his wife and his family were filed with the only purpose to legally remove him from the house that plaintiff ownes and has paid in full, many many years before Lopez parachuted into the scene. Lopez's Answers are a complete farce and a sham.

10. Defendant Lopez and his wife she his were both told by the Plaintiff that the house at 2402 Alton Road had been sold many years before to the Plaintiff. The house was not for sale at the time and the should turn around and keep walking. (CAVEAT EMPTOR) no due diligence was needed, to evaluate potential liabilities. Lopez knew.

11. Defendant Lopez motion to determine rent is only to prevent the inevitable: eviction from plaintiff's house that is paid in full, Lopez's is feigning, Lopez is a scam artist that preyed on a sick senior citizen deliberately, for his financial gain.

12. It is in the public interest the Plaintiff's property rights and binding contract with his parents and legal owners of 2402 Alton Road be respected that have been recorded with the clerk of courts Miami-Dade County Florida. (CAVEAT EMPTOR) Exhibit "B" Pennzoil v. Texaco Ink, 481 U.S. 1 (1987)

13. Plaintiff has the original blue ink lease with option to buy "as is" dated August 01, 2004 that has been paid in full and giving him until August 31, 2019 to exercise the option. Plaintiff had tied up the property for his financial gains without increasing his property tax liability.

14. Legally valid contracts must contain two elements:
   a. All parties must agree about an offer made by one party and accepted by the other. Plaintiff bought an option contract from the seller and paid for it in full.
   b. Something of value must be exchanged for something else of value. Plaintiff has paid for the house in full. Plaintiff is the undisputed owner, Defendant gave him nothing.

15. Plaintiff's father Jose Luis Soro suffered from Alzheimer's disease with dementia that had lost much of the ability to exist in our universe and abused by Defendant Pedro Lopez, that offered to buy a million dollar plus house for $430,000 that had already been sold and paid for by the plaintiff. (CAVEAT EMPTOR)

16. Plaintiff's father was a highly-skilled professional electrical engineer (PE) with over ten (10) years of university studies and degrees, that on July 11, 2011 did not know if he had a fist full of hundreds or dollar bills due to his dementia and Alzheimer's and taken advantage of by Defendant Pedro Lopez, for his financial gain.

17. Defendant has title insurance that protects him against lost or damage occurring from defects in the title or actual ownership of a property that had already been sold and paid for in full by plaintiff. Johnson v. Davis 480 So. 2d 625 (Fla 1985)

18. Defendant bought a house from a seller that had sold the house to another person and was fully informed by plaintiff personally that he was the owner living at the house. (CAVEAT EMPTOR) Penzoil v. Texaco Inc. 481 U.S. 1 (1987)

19. Defendant was fully briefed of the potential liability and foreseeable title issues by plaintiff and the delicate situation of the mental health experiences of dementia and Alzheimer's disease his father was exhibiting and the fact that the house had been sold and bought many years before, and was not for sale at the present time. The Defendant Pedro Lopez is a con man.

20. The Deed Plaintiff filed on April 1, 2019 dates back to August 01, 2004 when both of plaintiff's parents signed the Residential Lease with option to buy "as is" that had been paid in full. (CAVEAT EMPTOR) "A" Plaintiff owns the property outright, at 2402 Alton Road. Pennzoil v. Texaco Inc 481 U.S. 1 (1987)

WHEREFORE Plaintiff Respectfully Demands that this Honorable Court vacate the Judgment on Defendant's motion to transfer case to the circuit court and evict Defendant Pedro Lopez from plaintiff's house that has been paid in Full, and is the owner of Lot 11 Block 13 of Sunset Lake SUBDIVISION Plat Book 8 at page 52, Public Records of Dade county, Florida a/k/a 2402 Alton Road Miami Beach, Florida 33140. Pedro Lopez is a masquerade and a bluff.

Respectfully submitted

Luis Alberto Soto
P.O. Box 398142
Miami Beach, Florida 33239

Certificate of Service

This is to certify that a true and correct copy of the foregoing has been hand-delivered to Hoffman, Larin & Agnetti, P.A. 909 North Miami Beach Boulevard, suite 201 Miami, Florida 33162 on this 17 day June 2019 by.

by
Luis Alberto Soto

LUIS A. SORO
    Plaintiff

VS

PEDRO LOPEZ
    Defendant

IN THE CIRCUIT COURT
IN AND FOR MIAMI - DADE
COUNTY FLORIDA
CASE# 119-02131 CC 24
CASE# 19-16697 CA 25

EXHIBIT B

THE ORIGINAL
FILED ON
JUL 1 1 2019
IN THE OFFICE OF
CIRCUIT COURT DADE CO FL

PLAINTIFF'S ANSWERS TO DEFENDANT
PEDRO LOPEZ COUNTER CLAIMS in Amended
complaint

1) DENY Plaintiff Demands the strictest proof CAVEAT EMPTOR

2) ADMIT Plaintiff Demands his eviction from the house
That is PAID IN FULL since march 01, 1993.

3) ADMIT   CAVEAT EMPTOR

4) ADMIT   CAVEAT EMPTOR

5) Plaintiff will waive the Damages All I want is my House
that is PAID IN FULL since MARCH 01, 1993.

6) ADMIT Plaintiff Lived At the house since 1978 CAVEAT Emptor

7) ADMIT   CAVEAT EMPTOR   Father & mother his wife

8) Plaintiff is the owner of the property paid in Full since 1993

9) Plaintiff is the owner paid in Full since march 01, 1993. Father was sick

10) Plaintiff has no knowledge, plaintiff is the owner CAVEAT EMPTOR

11) Plaintiff paid the property in Full since march 01, 1993 CAVEAT EMPTOR

12) Plaintiff has A contract for Deed Paid in Full since march 01, 1993

13) Plaintiff is the undisputed owner paid in Full seeking damages t house

14) plaintiff is the undisputed owner paid in Full CAVEAT EMPTOR

15) Plaintiff has no knowledge Demands strictest proof CAVEAT EMPTOR

16) plaintiff has no knowledge has the original document with envelope From the
     Plaintiff has no knowledge Demands the strictest proof

17   ADMIT To The hearing Deny every thing else

18   Plaintiff has the original document, Hoffman & staff lied under oath.

19   Plaintiff has no knowledge Denies All
     ... CAVEAT EMPTOR

21 plaintiff has no knowledge denies all CAVEAT EMPTOR to buy
22 plaintiff has filed a deed to comply with contract to buy fail
23 plaintiff has no knowledge denies all see option to buy fail
24 plaintiff has no knowledge denies all CAVEAT EmPTOR
25 plaintiff has no knowledge denies all CAVEAT EMPTOR
26 plaintiff admits lawsuit from plaintiffs property
27 plaintiff has no knowledge denies all demands strictest proof
28 plaintiff has no knowledge denies all demands strictest proof
29 plaintiff has no knowledge denies all demands strictest proof
30 plaintiff has no knowledge denies all demands strictest proof
31 plaintiff has no knowledge denies all CAVEAT EMPTOR
32 plaintiff has no knowledge denies all CAVEAT EMPTOR
33 plaintiff has no knowledge Denies All CAVEAT EMPTOR
34 plaintiff has no knowledge Denies All CAVEAT EMPTOR
35 plaintiff has no knowledge denies All CAVEAT EMPTOR
36 plaintiff has no knowledge denies All CAVEAT EMPTOR
37 plaintiff has no knowledge denies all CAVEAT EMPTOR
38 plaintiff has no knowledge denies All CAVEAT EMPTOR
39 plaintiff has no knowledge denies all CAVEAT EmPTOR
40 plaintiff has no knowledge denies All CAVEAT EMPTOR
41 plaintiff has no knowledge denies all CAVEAT EMPTOR
42 plaintiff has no knowledge denies all CAVEAT EMPTOR
43 plaintiff has no knowledge denies all caveat EMPTOR
44 plaintiff has no knowledge denies all defendant has no rights
45 plaintiff has no knowledge denies all caveat EMPTOR
46 plaintiff has no knowledge denies all CAVEAT EMPTOR
47 plaintiff has no knowledge denies all CAVEAT EMPTOR
48 plaintiff has no knowledge denies all plaintiff is the owner
49 plaintiff has no knowledge denies all CAVEAT EMPTOR
50 plaintiff has no knowledge denies all caveat EMPTOR
51 plaintiff has no knowledge denies all plaintiff is the owner
52 plaintiff has no knowledge denies all CAVEAT EMPTOR
53 plaintiff has no knowledge denies all CAVEAT EMPTOR
54 plaintiff has no knowledge of any property rights
55 Lopez may have in plaintiff's property that is paid in full
CAVEAT EMPTOR
where fore plaintiff demands Lopez be evicted from the house

## Certificate of service

This is to certify that a true and correct ℓ the
foregoing was mailed U.S. First class mail to Hoffman
et.al., 909 N. Miami Ave suite 201 miami, Florida on
this __17__ day of may 2019 by

by
Luis A Sera

Luis A. Soro
     Plaintiff

vs.

Pedro Lopez
     Defendant

IN THE CIRCUIT COURT
IN AND FOR MIAMI-DADE
COUNTY FLORIDA
CASE # 19-02131 CC 24
CASE # 19-16697 CA 05

Exhibit C

THE ORIGINAL
FILED ON
JUL 11 2019
IN THE OFFICE OF
CIRCUIT COURT DADE CO FL

PLAINTIFF ANSWERS TO DEFENDANTS
MOTION TO DETERMINE RENT Plaintiff will waive ALL
IN EXCHANGE FOR THE DEFENDANT TO VACATE

1) This is True & Admit

2) This is True about the service, Plaintiff denies everything else

3) Plaintiff filed case # 19-02131 CC 24 to remove Defendant from Plaintiffs property that has been PAID in Full

4) Plaintiff has no Knowledge of anything in paragraph Number (4) Four and denies all.

5) Plaintiff has no knowledge of paragraph #5, Denies all.

6) Plaintiff has no knowledge of paragraph #6, Denies all.

7) Plaintiff is the owner of (Lot 11, Block 13 of sunset Lake subdivision plat book 8 at page 53, public Records of Dade County Florida (CAVEAT EMPTOR) Pennzoil v Texaco Inc 481 U.S. 1 (1987

8) Plaintiff has paid for the property in Full to the owners of 2402 alton Road miami Beach Florida 33140 since march 01, 1993.

9) Plaintiff Does not want the Defendant his wife or his family to live in the property that is paid in Full.

WHEREFORE Plaintiff Respectfully Requests that Defendant be evicted from the property forthwith

certificate of service

This is to certify that a true and correct copy of the foregoing was mailed to Hoffman et al: 9090, miami Ave suite 201 miami, Florida 33162 on this 17 day of May, 2019 by

Page 53

## STATE OF FLORIDA

THIS DOCUMENT HAS A LIGHT BACKGROUND ON TRUE WATERMARKED PAPER.   HOLD TO LIGHT TO VERIFY FLORIDA WATERMARK.

## BUREAU of VITAL STATISTICS

## CERTIFICATION OF DEATH

CFN  2019R0201760
OR Bk 31385 Pg 4218 1 Pgs
RECORDED 04/01/2019  13:04:50
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

**STATE FILE NUMBER:** 2011031344

**DATE ISSUED:**

**DATE FILED:**     MARCH 9, 2011

### DECEDENT INFORMATION
NAME:  MARIA  DIGNA  SORO

DATE OF DEATH: FEBRUARY 26, 2011          SEX: FEMALE          AGE: 086 YEARS
DATE OF BIRTH:  JULY 23, 1924          SSN: ***-**-4009
BIRTHPLACE: CUBA
PLACE WHERE DEATH OCCURRED:     INPATIENT
FACILITY NAME OR STREET ADDRESS: SELECT SPECIALTY HOSPITAL-MIAMI
LOCATION OF DEATH: MIAMI, MIAMI-DADE COUNTY
RESIDENCE:  2402 ALTON RD , MIAMI BEACH, FLORIDA  33140, UNITED STATES
COUNTY: MIAMI-DADE
OCCUPATION, INDUSTRY:  INTERIOR DESIGNER, INTERIOR DECORATION
EDUCATION: HIGH SCHOOL GRADUATE OR GED COMPLETED    EVER IN U.S. ARMED FORCES? NO
HISPANIC OR HAITIAN ORIGIN? YES, CUBAN
RACE: WHITE

### SURVIVING SPOUSE / PARENT NAME INFORMATION
(NAME PRIOR TO FIRST MARRIAGE, IF APPLICABLE)
MARITAL STATUS: MARRIED
SURVIVING SPOUSE NAME:   JOSE  LUIS  SORO
FATHER'S NAME:       DAVID  BLANCO
MOTHER'S NAME:      DIGNA  SOTERO

### INFORMANT, FUNERAL FACILITY AND PLACE OF DISPOSITION INFORMATION
INFORMANT'S NAME:   JOSE  LUIS  SORO
RELATIONSHIP TO DECEDENT:  HUSBAND
INFORMANT'S ADDRESS: 2402 ALTON RD , MIAMI BEACH, FLORIDA  33140, UNITED STATES
FUNERAL DIRECTOR/LICENSE NUMBER: FERNANDO CABALLERO          , F043120
FUNERAL FACILITY:  FERDINAND FUNERAL HOMES & CREMATORY
          2546 SW 8TH ST , MIAMI, FLORIDA  33135
METHOD OF DISPOSITION: BURIAL
PLACE OF DISPOSITION:  MIAMI MEMORIAL PARK CEMETERY
          MIAMI, FLORIDA

### CERTIFIER INFORMATION
TYPE OF CERTIFIER: CERTIFYING PHYSICIAN          MEDICAL EXAMINER CASE NUMBER: NOT APPLICABLE
TIME OF DEATH (24 HOUR):  2033          DATE CERTIFIED: MARCH 1, 2011
CERTIFIER'S NAME:  MANUEL OJEDA MD
CERTIFIER'S LICENSE NUMBER:  ME83761
NAME OF ATTENDING PHYSICIAN (IF OTHER THAN CERTIFIER):  NOT ENTERED

The first five digits of the decedent's Social Security Number has been redacted pursuant to §119.071(5), Florida Statutes.

_Ken Jones_          , STATE REGISTRAR

REQ:  2020267679

WARNING:  THE ABOVE SIGNATURE CERTIFIES THAT THIS IS A TRUE AND CORRECT COPY OF THE OFFICIAL RECORD ON FILE IN THIS OFFICE. THIS DOCUMENT IS PRINTED OR PHOTOCOPIED ON SECURITY PAPER WITH WATERMARKS OF THE GREAT SEAL OF THE STATE OF FLORIDA. DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATERMARKS. THE DOCUMENT FACE CONTAINS A MULTICOLORED BACKGROUND, GOLD EMBOSSED SEAL, AND THERMOCHROMIC FL. THE BACK CONTAINS SPECIAL LINES WITH TEXT. THE DOCUMENT WILL NOT PRODUCE A COLOR COPY.

VOID IF ALTERED OR ERASED



DH FORM 1946 (03-13)



**STATE OF FLORIDA**

THIS DOCUMENT HAS A LIGHT BACKGROUND ON TRUE WATERMARKED PAPER.   HOLD TO LIGHT TO VERIFY FLORIDA WATERMARK.

## BUREAU of VITAL STATISTICS

## CERTIFICATION OF DEATH

CFN 2019R0201759
OR Bk 31385 Pg 4217 1 Pgs
RECORDED 04/01/2019 13:04:50
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

**STATE FILE NUMBER:** 2012058942

**DATE ISSUED:**   APRIL 2019

**DATE FILED:**   JULY 9, 2012

### DECEDENT INFORMATION

NAME:  JOSE  LUIS  SORO

DATE OF DEATH:  JUNE 15, 2012         SEX: MALE        AGE: 088 YEARS
DATE OF BIRTH:  DECEMBER 15, 1923     SSN: ***-**-4269
BIRTHPLACE: CUBA
PLACE WHERE DEATH OCCURRED:    NURSING HOME
FACILITY NAME OR STREET ADDRESS: 7300 DEL PRADO SOUTH (WHITE HALL)
LOCATION OF DEATH: BOCA RATON, PALM BEACH COUNTY
RESIDENCE:  10110 STONEHENGE CIRCLE APT NO. 205, BOYNTON BEACH, FLORIDA  33437, UNITED STATES
COUNTY: PALM BEACH
OCCUPATION, INDUSTRY:  ELECTRICAL ENGINEER, ENGINEERING
EDUCATION: MASTERS DEGREE                    EVER IN U.S. ARMED FORCES?NO
HISPANIC OR HAITIAN ORIGIN? YES, CUBAN
RACE: WHITE

### SURVIVING SPOUSE / PARENT NAME INFORMATION
(NAME PRIOR TO FIRST MARRIAGE, IF APPLICABLE)
MARITAL STATUS: WIDOWED
SURVIVING SPOUSE NAME:  NONE
FATHER'S NAME:      LUIS  SORO Y  COMPTE
MOTHER'S NAME:     CONCEPCION   GALVEZ Y GARCIA   DE CASTRO

### INFORMANT, FUNERAL FACILITY AND PLACE OF DISPOSITION INFORMATION

INFORMANT'S NAME:    MARIA  FREISEN
RELATIONSHIP TO DECEDENT:    DAUGHTER
INFORMANT'S ADDRESS: 1290 ANADALE CIRCLE, LAKE WORTH, FLORIDA  33467, UNITED STATES
FUNERAL DIRECTOR/LICENSE NUMBER: FERNANDO CABALLERO                          F043120
FUNERAL FACILITY:  FERDINAND FUNERAL HOMES & CREMATORY
                   2546 SW 8TH STREET, MIAMI, FLORIDA  33135
METHOD OF DISPOSITION: BURIAL
PLACE OF DISPOSITION:  VISTA MEMORIAL CEMETERY
                       HIALEAH, FLORIDA

### CERTIFIER INFORMATION
TYPE OF CERTIFIER: CERTIFYING PHYSICIAN           MEDICAL EXAMINER CASE NUMBER:  NOT APPLICABLE
TIME OF DEATH (24 HOUR):   1800                   DATE CERTIFIED: JUNE 26, 2012
CERTIFIER'S NAME:  DR FRED DOSDOS MD
CERTIFIER'S LICENSE NUMBER:  55592
NAME OF ATTENDING PHYSICIAN (IF OTHER THAN CERTIFIER):  NOT ENTERED

The first five digits of the decedent's Social Security Number has been redacted pursuant to §119.071(5), Florida Statutes.

_Ken Jones_                , STATE REGISTRAR                                 REQ: 2020267666

THE ABOVE SIGNATURE CERTIFIES THAT THIS IS A TRUE AND CORRECT COPY OF THE OFFICIAL RECORD ON FILE IN THIS OFFICE.
**WARNING:** THIS DOCUMENT IS PRINTED OR PHOTOCOPIED ON SECURITY PAPER WITH WATERMARKS OF THE GREAT SEAL OF THE STATE OF FLORIDA. DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATERMARKS. THE DOCUMENT FACE CONTAINS A MULTICOLORED BACKGROUND, GOLD EMBOSSED SEAL AND THERMOCHROMIC FL. THE BACK CONTAINS SPECIAL LINES WITH TEXT. THE DOCUMENT WILL NOT PRODUCE A COLOR COPY.

VOID IF ALTERED OR ERASED

DH FORM 1946 (03-13)



Filing # 93149936 E-Filed 07/25/2019 12:05:29 PM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

LUIS A. SORO,                          CASE NO. 2019-016697-CA-01

      Plaintiff/Counter-Defendant,

v.

PEDRO LOPEZ,

      Defendant/Counter-Plaintiff.
_____/

## MOTION FOR SUMMARY JUDGMENT ON COMPLAINT

Defendant/Counter-Plaintiff Pedro Lopez ("Lopez") files this Motion for Summary Judgment. In support of the instant Motion, Lopez attaches (a) the Affidavit of Pedro Lopez (the "Lopez Affidavit") as Exhibit A. In further support of the instant Motion, Lopez states as follows:

### STATEMENT OF UNDISPUTED FACTS

#### Procedural History

1.    On May 2, 2019, Plaintiff/Counter-Defendant Luis Soro commenced this proceeding by filing a Complaint (the "Eviction Complaint") to evict Lopez from the real property located at 2402 Alton Road, Miami, FL 33140 (the "Alton Road Property")

2.    On May 7, 2019, Lopez filed an Answer and Affirmative Defense to the Eviction Complaint and an Amended Counterclaim (the "Counterclaim"). The Amended Counterclaim contained five counts: malicious prosecution, abuse of process, slander of title, quiet title and permanent injunction.

3.    On July 2, 2019 the Court entered a judicial default against Soro for failing to file a response to the Counterclaim.

*Soro v. Lopez*, Motion for Summary Judgment, p. 1

4.      On July 22, 2019, Lopez filed a Notice of Dropping Count II of the Counterclaim.

<div align="center">

**Factual History**
</div>

**A.      Lopez Purchase of the Alton Road Property from Jose Soro**

5.      Prior to June 2011, Jose Soro (the father of Luis Soro) was the record owner of the Alton Road Property and Luis Soro resided in the Alton Road Property as a tenant.

6.      On June 21, 2011, Jose Soro had Luis Soro evicted from the Alton Road Property. A copy of the Final Judgment of Eviction is attached hereto as Exhibit B.

7.      On July 11, 2011, Jose Soro sold the Alton Road Property to Lopez for $430,000.00. A copy of the deed is attached hereto as Exhibit C. *Lopez Affidavit,* ¶3.

8.      Since the completion of the sale, Lopez and his family have resided in the Alton Road Property.

**B.      The First Soro Lawsuit**

9.      In 2015, Luis Soro filed a lawsuit against Lopez in Miami-Dade Circuit Court (*Soro v. Lopez,* Miami-Dade Circuit Court Case No. 15-06688 CA 02) (the "First Soro Lawsuit").

10.     A copy of the Complaint in the First Soro Lawsuit is attached hereto as Exhibit D.

11.     In short, the First Soro Lawsuit alleged that at some point prior to selling the Alton Road Property to Lopez, Jose Soro had entered into a lease with Luis Soro (the "Purported Lease"). The Purported Lease, which was attached to the Complaint in the First Soro Lawsuit and the Complaint in this lawsuit, contained a 15-year term and a purchase option.

12.     The First Soro Lawsuit sought a determination that Soro's leasehold interest in the Alton Road Property was superior to Lopez's claim to title. The First Soro Lawsuit also sought damages against Lopez in the amount $7,986,765.35.

13. In July 2015, Lopez filed a Motion to Dismiss the First Soro Lawsuit as a sham pleading.[1]

14. Before that Motion could be heard, Luis Soro filed an expletive laden document with the Court under the forged signature of Lopez's attorney.

15. Lopez filed a Motion to strike the document and sought sanctions against Luis Soro.

16. On August 19, 2015, the Honorable Monica Gordo held an evidentiary hearing on Lopez's motions.

17. On August 21, 2015, Judge Gordo entered an Order striking the objectionable document and imposing a sanction against Luis Soro restricting him from filing further documents with the Court on a pro se basis. The Order, a copy of which is attached hereto as Exhibit E provided that in the event Luis Soro did not engage an attorney licensed to practice in Florida to represent him, the First Soro Lawsuit would be dismissed with prejudice.

18. Luis Soro failed to retain counsel and on March 21, 2016, the First Soro Lawsuit was dismissed with prejudice. A copy of the dismissal Order is attached hereto as Exhibit F.

19. Lopez paid his counsel the total sum of $13,435.00 in legal fees for defending the First Soro Lawsuit.

**C.  The Wild Deed and the Commencement of this Lawsuit**

20. The dismissal of the First Soro Lawsuit did not cause Luis Soro to abandon his quixotic effort to dispossess Lopez of the Alton Road Property.

---

[1]     The Purported Lease is an obvious forgery. Jose Soro signed an affidavit to this effect in a separate case filed by Luis Soro against the real estate agent who brokered the sale of the Alton Road Property to Lopez. Luis Soro has also peddled different and inconsistent versions of the Purported Lease at various times.

21.     On March 22, 2019, Luis Soro executed and recorded a deed (the "Wild Deed") purporting to convey the Alton Road Property from his father Jose Soro and Maria Soro (Jose Soro's deceased wife) to Luis Soro. A copy of the Wild Deed is attached hereto as Exhibit G.

22.     The Wild Deed does not follow the chain of title since Lopez was the record owner of the Property on March 22, 2019.

23.     The Wild Deed was not executed by any grantors.

24.     The Wild Deed is currently recorded in the Public Records of Miami-Dade County and appears on the Alton Road Property's chain of title.

25.     On May 2, 2019, Luis Soro filed the instant lawsuit seeking to evict Lopez from the Property.

26.     Luis Soro's actions and conduct have inflicted emotional distress on Lopez, his wife and his family. Lopez and his family have an active and ongoing concern that Luis Soro will (a) continue to file frivolous challenges to Lopez's ownership of the Alton Road Property; (c) force Lopez to incur continued legal fees and costs to defend the frivolous challenges; (d) take further actions to impair Lopez's title to the Alton Road Property; and (e) take other actions to harass us and impair Lopez's family's ability to enjoy the Alton Road Property. Luis Soro also personally delivered pleadings to Lopez at the Alton Road Property at the beginning of the case. His presence at the Alton Road Property inflicted further emotional on Lopez's wife and children.

27.     Luis Soro's actions and conduct have also forced Lopez to incur significant attorneys' fees and costs.

## REQUESTED RELIEF

By this Motion, Lopez requests the Court enter summary judgment in favor of Lopez and against Luis Soro on the relief Eviction Complaint and on all counts of the Counterclaim.

## MEMORANDUM OF LAW

### A.    Summary Judgment Standard

Under Florida law, summary judgment is appropriate where there are no material disputed facts, and the moving party is entitled to judgment as a matter of law. Fla. R.Civ.P. 1.510; *Holl v. Talcott*, 191 So.2d 40 (Fla. 1966). Once the moving party has tendered competent evidence to support the Motion and establish the nonexistence of material facts, the burden shifts to the non-moving party to come forward with evidence to show a genuine issue of material facts exists. *Hicks v. Hoaglan*, 953 So.2d 695, 697 (Fla. 5th DCA 2007). Conclusory and unsupported allegations or statements are not sufficient to defeat a motion for summary judgment. *Valderramma v. Portfolio Recovery Associates*, LLC, 972 So.2d 239 (Fla. 3d DCA 2007).

### B.    Lopez is Entitled to Summary Judgment on the Eviction Complaint

The elements of a cause of action for eviction are: (1) the parties had an agreement requiring the Tenant to pay the Landlord rent for the use of the property; (2) the Tenant defaulted in the payment of this rent; (3) three days' notice requiring the payment of the rent or the possession of the property was served on the Tenant; and (4) the Tenant failed to pay the rent or deliver possession of the property within three days. *See Boudreau v. M & H Food Corp.* 895 So. 2d 501 (Fla. 2d DCA 2005) (citing Fla. Stat. §83.20). In the present matter, Lopez did not have a lease or any other agreement for possession of the Alton Road Property with Luis Soro. Accordingly, Luis Soro cannot maintain an action for eviction.

While not identified as such in the Eviction Complaint, Luis Soro seems to be seeking possession of the Alton Road Property under the doctrine of ejectment. The elements of an ejectment action are: "that (1) the plaintiff has title to the land, (2) the plaintiff has been wrongfully dispossessed or ousted, and (3) the plaintiff has suffered damages." *Partridge v. Partridge*, 940 So. 2d 611, n.2 (Fla. 4th DCA 2006). Even if the Court is willing to consider Luis Soro's claim as one for ejectment, it nevertheless fails since Luis Soro does not have any interest in the Alton Road Property. He is not the title owner and any claim to possession was terminated when he was evicted from the Alton Road Property in 2011. His claims under the Purported Lease were separately dismissed with prejudice in the First Soro Lawsuit. This constitutes an adjudication on the merits. *See* Fla.R.1.420(b). Since Luis Soro's rights to the Alton Road Property, whether under the Purported Lease or otherwise, have been rejected by multiple courts of competent jurisdiction, he is collaterally estopped from now seeking eviction, ejectment or any related relief. *See Bates v. Betty & Ross Co.*, 46 So. 3d 615, 618 (Fla. 3d DCA 2010) (stating "the essential elements of collateral estoppel, that the parties and issues are identical and that the particular matter was fully litigated and determined resulting in a final decision of a court of competent jurisdiction, are present here.").

Accordingly, the Court should enter summary judgment in favor of Lopez and against Soro on the Eviction Complaint.

## C.     Lopez is Entitled to Summary Judgment on Count I of the Counterclaim

The elements of malicious prosecution are

> 1) a legal proceeding commenced or continued against the plaintiff, (2) the defendant caused or commenced the proceeding, (3) the proceeding had a bona fide termination in plaintiff's favor, (4) there was no probable cause for commencing the proceeding, (5) the defendant acted with malice, and (6) the plaintiff suffered damage.

*Alamo Rent-A-Car v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994). Litigation privilege is not a defense to a claim for malicious prosecution. *Debrincat v. Fischer*, 217 So. 3d 68 (Fla. 2017). With regard to damages, attorney's fees incurred in the prior action are sufficient. *MacAlister v. Bevis Constr., Inc.*, 164 So. 3d 773 (Fla. 2d DCA 2015). When attorneys' fees from a prior action are the measure of damages, the reasonableness of such fees need not be corroborated by an independent expert. *Sea World of Fla., Inc. v. Ace Am. Ins. Cos.*, 28 So. 3d 158, 160-61 (Fla. 3d DCA 2010).

Luis Soro's actions in the First Soro Lawsuit satisfy the elements of malicious prosecution. Luis Soro commenced the First Soro Lawsuit against Lopez and the First Soro Lawsuit was terminated in Lopez's favor (elements 1, 2 and 3),  There was no probable cause for the First Soro Lawsuit  as Luis Soro had been evicted from the Alton Road Property years earlier (element 4), Luis Soro acted with malice both in his conduct during the First Soro Lawsuit and in pursuing frivolous claims (element 5)[2] and Lopez incurred damages in the form of attorneys' fees (element 6).

The foregoing facts are uncontroverted and have been admitted by Luis Soro by virtue of the judicial default. Accordingly, the Court should enter summary judgment in favor of Lopez and against Soro on Count I of the Counterclaim. Damages under this judgment should be in the amount of $13,435.00, plus prejudgment interest.

**D.      Lopez is Entitled to Summary Judgment on Count III of the Counterclaim**

---

[2]      With regard to the element of malice, "[i]n an action for malicious prosecution it is not necessary for a plaintiff to prove actual malice; legal malice is sufficient and may be inferred from, among other things, a lack of probable cause, gross negligence, or great indifference to persons, property, or the rights of others." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So.2d at 1357.

Fla.Stat. §817.535(8)(a) authorizes a civil cause of action for "[a]ny person adversely affected by an instrument filed in the official record which contains a materially false, fictitious, or fraudulent statement or representation." If the Court finds an intent to defraud or harass, the Court may levy a civil penalty of $2,500 for each recorded instrument. Fla. Stat. §817.535(8)(b)(2). The prevailing party in any suit is entitled to recover costs and attorneys' fees. Fla. Stat. §817.535(8)(c).

Based on the facts detailed above and in the Counterclaim (which have been admitted by Luis Soro by virtue of the judicial default), it is beyond dispute that the Wild Deed constitutes a recorded instrument containing "a materially false, fictitious, or fraudulent statement or representation" and that it was filed with intent to harass Lopez and defraud the public and this Court. Accordingly, the Court should enter summary judgment on Count III of the Counterclaim in the amount of $2,500.00 along with attorneys' fees and costs.

E.      **Lopez is Entitled to Summary Judgment on Count IV of the Counterclaim**

To state a cause of action to quiet title, a property owner needs to allege that (1) he had title to the subject property; (2) a cloud on the title existed; and (3) that the cloud was invalid. *D'Alessandro v. Fid. Fed. Bank & Trust*, 154 So. 3d 498, 499 (Fla. 4th DCA 2015) (citing *Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953)). Based on the record herein, Lopez has shown that he has title to the Alton Road Property, the Wild Deed has been recorded in Miami-Dade County and is clouding title to the Alton Road Property and that the Wild Deed is facially invalid. Accordingly, the Court should enter summary judgment on Count IV of the Counterclaim and determine that (a) Lopez is the title owner of the Alton Road Property; and (b) the Wild Deed is invalid and void.

F.      **Lopez is Entitled to Summary Judgment on Count V of the Counterclaim**

To obtain a permanent injunction, the petitioner must "establish a clear legal right, an inadequate remedy at law and that irreparable harm will arise absent injunctive relief." *Hollywood Towers Condo. Ass'n v. Hampton*, 40 So. 3d 784 (Fla. 4th DCA 2010). A permanent injunction is appropriate to enjoin continuing meritless challenges to a property owner's title or right to possess his property. *See Rosson v. Rosson*, 2015 Fla. Cir. LEXIS 17053 (Pinellas Circuit Court Case No. 15-1071-CI-7, April 28, 2015).

In the present matter, Luis Soro has filed multiple actions challenging Lopez's title and right to possess the Alton Road Property. As noted by Judge Gordo in the First Soro Lawsuit, Luis Soro repeatedly refers to the Alton Road Property as "his property" and appears to truly believe his claim is righteous. Luis Soro also has demonstrated the ability to forge documents, to record documents in the public records and to file lawsuits with this Court. Absent an injunction, there is every reason to believe that he will continue to do so in the future. Luis Soro's prior actions and the prospect of his future actions have inflicted significant emotional distress upon Lopez and his family and have forced Lopez to incur substantial attorneys' fees.

Lopez thus asks this Court to enter a permanent injunction prohibiting Luis Soro from (a) executing any further documents or deeds related to the Alton Road Property; or (b) commencing any actions addressed to the Alton Road Property.

WHEREFORE, Lopez requests the Court enter summary judgment on the Eviction Complaint and the Counterclaim as set forth above and grant such further relief as is deemed just and proper.

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was sent via U.S. mail to Luis

Soro, P.O. Box 398142, Miami Beach, FL 33239 on July 25, 2019.

> **HOFFMAN, LARIN & AGNETTI, P.A.**
> Counsel for Pedro Lopez
> 909 North Miami Beach Boulevard, Suite 201
> Miami, Florida 33162
> Telephone: (305) 653-5555
> Email: mshoffman@hlalaw.com
>
> By: s/ Michael S. Hoffman
> **MICHAEL S. HOFFMAN**
> Florida Bar No. 41164

*Soro v. Lopez*, Motion for Summary Judgment, p. 10

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing to transfer case # 19-16697 From the State court to the Federal court has been mailed to Hoffman, Larin & Agnetti, P.A. 909 North Miami Beach Boulevard, room 201 Miami, Florida 33162 on this 8th day of March 2021 by

by

Luis A. Soro
Plaintiff/owner
of 2402 Alton Road
Miami Beach, Florida
33140 a/k/a Lot 11
Block 130 f sunset Lake
Subdivision plat Book 8
at pages2 Public records of
Dade county, Florida