UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20837-COOKE/O'SULLIVAN

LUIS A. SORO,

    Plaintiff,

vs.

PEDRO JOSE LOPEZ,

    Defendant.

_____/

## ORDER REMANDING CASE

THIS MATTER is before the Court on Plaintiff Luis A. Soro's ("Mr. Soro") Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 7. I have reviewed Plaintiff's motion and Plaintiff's Notice of Removal, ECF No. 1. For the reasons below, Plaintiff's motion is **DENIED** and this case is **REMANDED** to the state court.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 1, 2021, Plaintiff filed a notice of removal of an action originating in state court. ECF No. 1. Plaintiff's *pro se* filing explains this case stems from a dispute over real property located at 2402 Alton Road, Miami Beach, Florida 33140. *Id.* at 1. Plaintiff's filing, however, does not explain the basis for removal under 28 U.S.C. § 1441, *et. seq.*, nor does it explain why this Court has jurisdiction to hear this case. On March 10, 2021, Plaintiff moved for leave to proceed *in forma pauperis*. ECF No. 7.

### LEGAL STANDARDS

Defendants may remove a civil action from state court to federal district court, where the district court has jurisdiction to hear the case. 28 U.S.C. § 1441(a). "The general removal statute [§ 1441(a)] expressly limits the power of removal to defendants." *F.D.I.C. v. S & I 85-1, Ltd.*, 22 F.3d 1070, 1073 (11th Cir. 1994); *see also Heard v. Publix Supermarkets, Inc.*, No. 4:19CV17-RH-CJK, 2019 WL 920911, at *1 (N.D. Fla. Jan. 9, 2019), *report and recommendation adopted*, No. 4:19CV17-RH-CJK, 2019 WL 919593 (N.D. Fla. Feb. 25, 2019) (plaintiff has no right to removal).

"Federal courts are courts of limited jurisdiction and are required to inquire into their jurisdiction at the earliest possible point in the proceeding." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001) (citation omitted). A removing party has "the burden of establishing federal subject-matter jurisdiction." *Bowling v. U.S. Bank Nat'l Ass'n, As Tr. for C-Bass Mortg. Loan Asset-Backed Certificates, Series 2007-SP2*, 963 F.3d 1030, 1034 (11th Cir. 2020). District courts in this circuit should "construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party[.]" *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

"A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). "Nevertheless, [the court] cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

## ANALYSIS

As a threshold matter, 28 U.S.C. § 1441(a) grants defendants—not plaintiffs—the right to remove an action to federal court. *See F.D.I.C.*, 22 F.3d at 1073. Therefore, Mr. Soro has no right to remove this action because he filed the underlying action in state court.[1]

Moreover, as the removing party, Mr. Soro has not met his burden to establish subject matter jurisdiction. *See Bowling*, 963 F.3d at 1034. Here, despite a lengthy description of the

---

[1] Although Mr. Soro has no right to remove this action, the Eleventh Circuit has not addressed whether district courts may *sua sponte* remand an action on such grounds. *See Abdul-Karim v. Wilkinson & Sons Plastering Inc.*, 3:18-CV-1207-J-34JBT, 2018 WL 5095510, at *2 (M.D. Fla. Oct. 19, 2018) ("[I]t is unclear whether removal by an unauthorized party is a jurisdictional defect or a waivable, procedural defect.") (citations omitted); *see also Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001) (holding district courts must wait for a party's motion before remanding on procedural grounds). No motion for remand has been filed in this case, and the 30-day period for filing such a motion ran on April 1, 2021, *see* 28 U.S.C. § 1447(c). The Court notes that it is unclear from the docket whether Mr. Soro has properly notified Defendants of this removal, consistent with 28 U.S.C. § 1446(d). Mr. Soro's certificate of service, ECF No. 1 at 6, for instance, does not comport with Local Rule 5.2(a), and Defendants have not entered an appearance in this matter. Accordingly, because of the uncertainty concerning (1) whether the Court may *sua sponte* remand on Mr. Soro's improper removal and (2) whether Mr. Soro properly notified Defendants of this removal, the Court does not remand based on removal by an unauthorized party alone.

proceedings in state court, Mr. Soro's notice of removal fails to provide "a short and plain statement of the grounds for removal." *See* 28 U.S.C. § 1446(a). Mr. Soro further fails to identify grounds for subject matter jurisdiction—either under diversity of citizenship, *id.* § 1441(b), or under a question of federal law, *id.* § 1441(c). On the contrary, it appears from Mr. Soro's filings that both he and the Defendants are Florida citizens, and that the case raises no federal law question. *See* ECF No. 1. Although the Court should liberally construe Mr. Soro's filing, it cannot rewrite Mr. Soro's notice of removal to sustain this action. *See Bilal*, 981 F.3d at 911.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the case is **REMANDED** to the state court. The Clerk is ordered to **ADMINISTRATIVELY CLOSE** the case. Any pending motions are **DENIED** as moot.

**DONE and ORDERED** in chambers at Miami, Florida, this 19th day of April 2021.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*John J. O'Sullivan, Chief U.S. Magistrate Judge*
*Counsel of record*